

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2003

# King v. E Lampeter

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2122

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"King v. E Lampeter" (2003). *2003 Decisions*. Paper 391.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/391

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2122

JONATHAN KING,

Appellant

v.

EAST LAMPETER TOWNSHIP

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-03500)
District Judge: Honorable Berle M. Schiller

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2003

Before: SLOVITER, AMBRO and BECKER, Circuit Judges

(Opinion filed July 2, 2003)

OPINION

AMBRO, Circuit Judge

Plaintiff Jonathan King brought a pro se civil suit against East Lampeter Township

alleging violations of his "civil rights, property rights, invested rights, liberty rights and

constitution rights" arising from zoning decisions that resulted in the inability, among other

things, to sell his carpentry work on his property. The District Court dismissed his complaint based on res judicata, the Rooker-Feldman doctrine, and 28 U.S.C. § 1915(e)(2)(B). Finding no error, we affirm.

I.    **Facts**

In 1970, East Lampeter Township adopted a zoning ordinance that classified King's property as R-2 residential and his woodworking business, which he operated from his home, a "non-conforming use." A "decades-long abrasive relationship" was born from that decision, a relationship that is fully described in King v. Township of E. Lampeter, 17 F. Supp. 2d 394 (E.D. Pa. 1998), aff'd without opinion, 182 F.3d 903 (3d Cir. 1999), cert. denied, 528 U.S. 951 (1999) ("King I"). To summarize, King did not cease his non-conforming use of the property, but rather expanded his business while applying for special exceptions from the Township's zoning board. Those applications were denied, and the denials upheld by the state courts. King did not comply with the orders issued by the state courts and was held in contempt of court on several occasions. On October 23, 1997, the Pennsylvania Court of Common Pleas entered a Final Order permanently enjoining King from continuing his business and ordering the removal of certain structures from his property and the payment of fines and legal fees.

In 1997, King sued the Township and other individual defendants under 42 U.S.C. §§ 1981, 1983 and 1985 and state non-conforming use law, challenging the state court orders entered between 1977 and October 23, 1997 and challenging the constitutionality of the relevant zoning ordinance. On August 13, 1998, the District Court awarded summary judgment in favor of the defendants. King I, 17 F. Supp. at 432 ("The evidence presented clearly demonstrates that [King and his wife] have repeatedly and consciously violated zoning regulations and have

2

ignored orders issued by the Court of Common Pleas and an agreement signed by King himself."). Since that time, the Court of Common Pleas of Lancaster County has granted at least three more petitions for contempt filed by the Township as a result of King's violations of the October 23, 1997 order, and has ordered King incarcerated for a period of approximately two weeks.

In October 2001, King filed a pro se complaint in the Eastern District of Pennsylvania against the Township. The District Court dismissed the complaint sua sponte. It held that any claims relating to allegations arising before the October 23, 1997 final decree had been or could have been adjudicated in King I and were therefore barred by res judicata. It construed any remaining claims, based on allegations arising after the October 23, 1997 final decree, as substantive due process claims challenging the fairness of state court proceedings, or allegations that the Township had illegally disposed of court records. The first set of claims was barred by the Rooker-Feldman doctrine[1], the Court held, and the second was based on an "indisputably meritless legal theory," and therefore worthy of dismissal under 28 U.S.C. § 1915(e)(2)(B). This appeal followed.[2]

## 2.    Discussion

---

[1] In Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923), the Supreme Court, in reviewing an attempt to seek relief from a state-court judgment, stated that "no court of the United States other than this court could entertain a proceeding to reverse or modify the [state-court] judgment." In District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 474 (1983), the Supreme Court reaffirmed that "the United States District Court is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings."

[2] Appellee has sought leave to expand the record by filing a supplemental appendix. Because no additional materials are necessary for our review of this case, we deny that motion.

3

King makes two arguments on appeal.  First, he argues that "there was not a throughly [sic] and complete adjudication of the property rights issues (due process) upon which the appellant bases this appeal."  Second, he argues that "he was never provided sufficient opportunity to raise equal protection arguments."  We construe both arguments as challenges to the validity of the prior proceedings, both in federal and in state court.

We agree with the District Court that  King is barred from raising any allegations relating to claims that were or could have been raised in King I by principles of res judicata and collateral estoppel.  "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action."  In re Continental Airlines, Inc.,  279 F.3d 226, 232 (3d Cir. 2002).  The allegations in King I involved all court proceedings up to and including the Final Decree issued by Judge Stengel on October 23, 1997.  The King I Court concluded that  King had "failed to provide any evidence of a violation of due process" and had "failed to establish any potential equal protection claim."  17 F. Supp. 2d at 431.  Because  King's suit is based on the same causes of action as King I, he is barred by res judicata from litigating claims based on actions of the Township prior to October 23, 1997.

We also agree with the District Court that the only remaining claims are challenges to the fairness of state-court proceedings that took place after October 23, 1997, and that those challenges are barred by the Rooker-Feldman doctrine.  Under that doctrine, federal district courts lack jurisdiction to review the final adjudications of a state court or to evaluate constitutional claims that are inextricably linked to a state court's decision in a state-court proceeding.  FOCUS v. Allegheny County Ct of Common Pleas, 75 F.3d 834, 830 (3d Cir.

4

1996).

Thus, the District Court lacked jurisdiction to review the fairness of the adjudications of the Pennsylvania Court of Common Pleas.  Challenges of this kind must be raised to the higher courts of Pennsylvania.  Any decision of the Pennsylvania Supreme Court on this issue can, of course, be appealed to the United States Supreme Court.  In re Diet Drugs Prods. Liab. Litig., 282 F.3d 220, 240 (3d Cir. 2002).

*          *          *          *          *

Accordingly, we affirm the decision of the District Court.

---

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Thomas L. Ambro
Circuit Judge

5